PER CURIAM.
Arturo Espinal appeals an administrative final order that requires him to pay $85,408.05 in Medicaid overpayments, plus interest, to Appellee, the State of Florida, Agency for Health Care Administration. We affirm because the agency is statutorily authorized to recover the overpayment.
Espinal is a pediatrician and a Florida Medicaid provider who serves a minority and underprivileged working class neighborhood in Miami-Dade County. At issue is the agency’s final audit report in which it concluded that Espinal must reimburse the agency $85,408.05, plus interest, in Medicaid overpayments arising from certain disputed medical claims. The amount represents the agency’s recalculation of an initial $173,608.35 Medicaid overpayment determination that resulted from a previous agency audit conducted for the period from June 1, 2002, through May 31, 2004. The audit revealed that Espinal had failed to comply with all of the provisions of the Medicaid rules, regulations, handbooks, policies, and laws necessary to receive payment for services he rendered to Medicaid recipients for which he billed and received payment. The agency subsequently declined to mitigate the $85,408.04 overpayment amount.
Espinal complains that the agency’s request that he reimburse $85,408.05 in Medicaid overpayments is unfair and inequitable. He does not dispute that he made certain coding errors attributable to a portion of the $85,408.05 amount. However, Espinal argues that the amount of *317 $85,408.05 attributable to other errors that he committed should be mitigated. Mitigation is called for, he argues, because the commission of those errors should be understandable, given the stress under which he worked in his busy medical practice. Espinal does not deny that the other errors occurred at a time during which he was not in full compliance with the applicable statutory provisions of the Medicaid program. Espinal admitted, for example, that he performed certain laboratory tests without the required waiver certification; and this in turn did not entitle him to bill and receive payment for the laboratory tests performed.
We first recognize that the repayment of $85,408.05 would cause hardship to Espinal’s solo medical practice, and to, ultimately, the community which he services. However, the law is clear that when the agency overpays a provider for Medicaid services, the agency is entitled to recover the overpayment. See § 409.918(2), (7), (20), (21), Fla. Stat. (2006). The term “overpayment” includes “any amount that is not authorized to be paid by the Medicaid program whether paid as a result of inaccurate or improper cost reporting, improper claiming, unacceptable practices ... or mistake.” See § 409.913(l)(e). Furthermore, under section 409.913, the agency has discretionary authority regarding mitigation.
The agency, thus, acted within its statutory powers to demand repayment from Espinal for services he performed in noncompliance with the applicable statutory provisions of the Medicaid program. The agency likewise acted within its statutory powers when it declined to mitigate the $85,408.05 overpayment.
Affirmed.