# Third District Court of Appeal

## State of Florida

Opinion filed October 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1502
Lower Tribunal Nos. 21-126PH & 21-127PH

_____

**Dr. Varinia F. Cabrera,**
Appellant,

vs.

**State of Florida, Agency for Health Care Administration,**
Appellee.

An Administrative Appeal from the State of Florida, Agency for Health Care Administration.

Law Offices of Louis V. Martinez, P.A., and Louis V. Martinez, for appellant.

Eugenia Keough Rains, Senior Attorney, and Tracy Lee Cooper George, Chief Appellate Counsel (Tallahassee), for appellee.

Before LOGUE, SCALES, and BOKOR, JJ.

LOGUE, J.

Dr. Varinia F. Cabrera appeals a Final Order of the State of Florida, Agency for Health Care Administration that terminated her with cause from the Florida Medicaid Program for a period of 20 years. Dr. Cabrera and her company, Advanced Behavioral Association, LLC, were Medicaid providers of behavioral analysis services. On January 3, 2020, the Agency rendered a Final Order against Advanced Behavioral providing that the Florida Medicaid Program had overpaid Advanced Behavioral $207,082.92 and requiring it to repay the overpayment plus statutory interest, administrative fines, and costs. This order was not appealed and was therefore final. Neither Advanced Behavioral nor Dr. Cabrera paid the overpayment, fines, and costs owed. The Agency offered Dr. Cabrera a repayment plan of $35,956.34 per month, but Dr. Cabrera testified she could not pay this and instead offered to pay $800.00 per month, which the Agency rejected.

Section 409.913(30), Florida Statutes, provides: "The agency shall terminate a provider's participation in the Medicaid program if the provider fails to reimburse an overpayment or pay an agency-imposed fine that has been determined by final order, not subject to further appeal, within 30 days after the date of the final order, unless the provider and the agency have entered into a repayment agreement." (Emphasis added). Florida Administrative Code Rule 59G-9.070(7)(s) also provides: "For non-payment

2

or partial payment where monies are owed to the Agency, and failure to enter into a repayment agreement, in accordance with sections 409.913(25)(c) and 409.913(30), F.S., the Agency <u>shall</u> impose the sanction of termination." (Emphasis added). Each of these provisions mandates termination in the event of failure to repay an overpayment or to enter into a repayment agreement. It is undisputed that neither Dr. Cabrera nor ABA reimbursed AHCA for the overpayment or entered into a repayment plan.

While Dr. Cabrera seeks to have us intervene to review the terms of the repayment plan offered by the Agency, we do not see anything in the statute that requires or authorizes us to intervene in that kind of agency decision. "[U]nder section 409.913, the agency has discretionary authority regarding mitigation." <u>Espinal v. State, Agency for Health Care Admin.</u>, 1 So. 3d 316, 317 (Fla. 3d DCA 2009). This Court "shall not substitute its judgment for that of the agency on an issue of discretion." § 120.68(7), Fla. Stat. Dr. Cabrera has failed to demonstrate that AHCA's decision was outside the range of discretion delegated to the agency by law, inconsistent with agency rule, inconsistent with officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency, or otherwise in violation of a constitutional or statutory provision. <u>Id.</u>

Affirmed.